**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

_____

| | | |
|---|---|---|
| MARQUES ABSTON, by his | ) | |
| grandmother and next friend | ) | |
| RUBY ABSTON; MARVEL ALLEN; | ) | |
| FOSTER ADAMS; | ) | |
| CURLANDOUS SMITH, by his mother | ) | |
| and next friend CHARLOTTE SMITH; | ) | |
| HATTIE WOODWARD; and | ) | |
| TONDALAYA JACKSON, | ) | |
| | ) | |
|    **Plaintiffs,** | ) | |
| **v.** | ) | **No. 15-2343-STA-dkv** |
| | ) | |
| SHELBY COUNTY SCHOOLS, | ) | |
| | ) | |
|    **Defendant.** | ) | |

_____

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION
_____

Before the Court is Plaintiffs Marques Abston, by his grandmother and next friend Ruby Abston; Marvel Allen; Foster Adams; Curlandous Smith, by his mother and next friend Charlotte Smith; Hattie Woodward; and Tondalaya Jackson's Motion for Temporary Injunction (ECF No. 11) filed on July 17, 2015. Plaintiffs allege that Defendant Shelby County Schools is liable for the deprivation of their constitutional rights in connection with the reassignment of students from South Side Middle School to Riverview Middle School for the 2015-2016 school year. Plaintiffs filed their Complaint on May 22, 2015, and in the Motion before the Court seek a temporary injunction to stop the school reassignment. Plaintiffs have requested an expedited hearing.

Federal Rule of Civil Procedure 65 governs the issuance of injunctions and restraining orders and permits the Court to grant two types of injunctive relief: a preliminary injunction and

a temporary restraining order (TRO).  Rule 65(a)(1) specifies that the "court may issue a preliminary injunction only on notice to the adverse party."[1]  In this case Plaintiffs have not shown that they have given Defendant notice of their request for an order restraining their school reassignment prior to the start of the upcoming school year.  Therefore, the Court is without authority to grant Plaintiff a preliminary injunction.  To the extent that Plaintiff seeks a preliminary injunction, the request must be **DENIED** for lack of notice to Defendant.

"The only type of injunctive relief that a district court may issue *ex parte* [without notice] is a temporary restraining order."[2]  Federal Rule of Civil Procedure 65(b) governs TROs and provides that "the court may issue a [TRO] without written or oral notice to the adverse party or its attorney only if" the moving party satisfies two requirements.[3]  First, the moving party must present "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[4]  Second, the moving party's attorney must certify "in writing any efforts made to give notice and the reasons why notice should not be required."[5]  "Rule 65(b) restrictions on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and

---

[1] Fed. R. Civ. P. 65(a)(1).

[2] *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

[3] Fed. R. Civ. P. 65(b)(1).

[4] Fed. R. Civ. P. 65(b)(1)(A).

[5] Fed. R. Civ. P. 65(b)(1)(B).

an opportunity to be heard has been granted both sides of a dispute."[6]

The Court holds that Plaintiffs have not met the initial notice requirements of Rule 65(b)(1) and therefore have not shown any entitlement to a TRO. With respect to the first requirement to proceed without notice to Defendant, Plaintiffs have not shown irreparable harm under Rule 65(b)(1)(A). Plaintiffs have not demonstrated by means of affidavit or verified complaint that they will suffer irreparable harm due to the school reassignment. Plaintiffs have not filed an affidavit and did not sign their pleadings under penalty perjury or before a notary public. Plaintiffs' request for a temporary restraining order must be denied for this reason alone.

As for the second requirement to proceed without notice, Plaintiffs have not satisfied Rule 65(b)(1)(B) because they have not certified "in writing any efforts made to give notice and the reasons why notice should not be required."[7] The Motion for Temporary Injunction includes only a certificate of service showing that Plaintiffs have served Defendant with a copy of the Motion. Plaintiffs have not attached a certificate of consultation, indicating that counsel has conferred with opposing counsel. Furthermore, Plaintiffs have not shown "reasons why [notice] should not be required" as mandated by Rule 65(b)(1)(B). Rule 65(b)(1) permits courts to issue TROs "without written or oral notice to the adverse party or its attorney *only if*" the movant satisfies Rule 65(b)(1)'s two requirements.[8] Because Plaintiffs have not done so, the Court declines to issue a TRO. Therefore, Plaintiffs' Motion is **DENIED**.

---

[6] *Depinet*, 11 F.3d at 650 (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters,* 415 U.S. 423, 439 (1974)).

[7] Fed. R. Civ. P. 65(b)(1)(B).

[8] Fed. R. Civ. P. 65(b)(1) (emphasis added).

3

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 27, 2015.