# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MARQUES ABSTON, by his grandmother and next friend RUBY ABSTON; MARVEL ALLEN; FOSTER ADAMS; CURLANDOUS SMITH, by his mother and next friend CHARLOTTE SMITH; HATTIE WOODWARD; and TONDALAYA JACKSON, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | No. 15-2343-STA-dkv |
| SHELBY COUNTY SCHOOLS, | ) ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Shelby County Schools' Motion to Dismiss (ECF No. 8) filed on June 12, 2015. Plaintiffs Marques Abston, by his grandmother and next friend Ruby Abston; Marvel Allen; Foster Adams; Curlandous Smith, by his mother and next friend Charlotte Smith; Hattie Woodward; and Tondalaya Jackson have responded in opposition, and Defendant has filed a reply brief. For the reasons set forth below, Defendant's Motion is **GRANTED**.

## BACKGROUND

Defendant argues that the Complaint fails to state a plausible claim for relief. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the following well-pleaded fact allegations of the Complaint as true and views the allegations in a light most favorable to Plaintiffs. Minor Plaintiffs Marques Abston and Curlandous Smith are seventh grade students at

1

South Side Middle School in Memphis, Tennessee. Defendant Shelby County Schools has reassigned all six through eighth grade students at South Side Middle, including the minor Plaintiffs, to Riverview Middle School for the 2015-2016 school year. (Compl., I. Parties, ¶¶ 1, 2; III. Factual Allegations ¶ 1.) Plaintiffs Marvel Allen, Hattie Woodward, and Tondalaya Jackson are Shelby County Schools teachers who were displaced as teachers at South Side Middle as of May 2015 due to Defendant's reassignment of students from South Side Middle to Riverview Middle. (*Id.*, I. Parties, ¶¶ 4-6.) Plaintiff Foster Adams is a community activist in the South Side neighborhood. (*Id.* ¶ 3.)

Plaintiffs challenge the reassignment of students from South Side Middle to Riverview Middle and contend that the reassignment violates Plaintiffs' rights under Title VI of the Civil Rights Act of 1964, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and Article XI, section 8 of the Tennessee Constitution. (*Id.*, III. Factual Allegations, ¶ 3.) Plaintiffs allege that the reassignment will deny students equal educational opportunities. (*Id.* ¶ 4.) For support Plaintiffs cite the fact that the District Attorney has designated the Riverview area a public nuisance and an injunction zone for gang activity, particularly the criminal activities of the Riverside Rolling Nineties Crips. (*Id.*) Plaintiffs also cite the poor academic achievement of students at Riverview Middle, the lack of elective courses in Spanish and computer at the school, and the generally poor physical condition of the Riverview Middle School campus. (*Id.* ¶¶ 5, 6.) From these premises, Plaintiffs allege that Defendant's reassignment plan will deny students and parents in the South Side community equal protection of the laws as well as violate their rights under Article XI, section 8 of the Tennessee Constitution. (*Id.*) Plaintiffs further allege that Defendant's reassignment plan violates Title VI of the Civil Rights Act of 1964. (*Id.*)

2

In its Motion to Dismiss, Defendant argues that the Complaint fails to state any claim for relief. First, Defendant argues that Plaintiffs have failed to allege a private action for violations of Title VI because the Complaint does not allege that the Shelby County Schools treated similarly situated people of a different race or color more favorably than Plaintiffs. Likewise, Plaintiffs have failed to support their Equal Protection claims with any allegation that Defendant treated similarly situated students of a different race more favorably than Plaintiffs. As for any claim alleged by the non-student Plaintiffs, Defendant argues that all of the facts in the Complaint concern the effect of the reassignment on students and allege the infringement of their rights. None of the non-student Plaintiffs have alleged how the reassignment will result in the violation of their constitutional rights. Defendant finally argues that the Complaint's allegations about the quality of education at Riverview Middle, or lack thereof, are nothing more than speculation or conjecture. For these reasons, the Court should dismiss the Complaint for failure to state a claim.

In their response in opposition, Plaintiffs argue that the similarly situated children who are receiving more favorable treatment from the school system are the "other children in the Shelby County Schools." (Pl.'s Resp. in Opp'n 3, ECF. No. 10.) The disparate treatment resulting from the school reassignment consists of Riverview Middle's dangerous surrounding area, deteriorating physical plant, and track record of low academic achievement. Plaintiffs contend that these conditions deny them equal educational opportunities in violation of the rights described by the Tennessee Supreme Court in *Tennessee Small School Systems v. McWherter*, 851 S.W.2d 139 (Tenn. 1993). The Complaint cites Defendant's own report on the poor condition of Riverview Middle and argue that substandard facilities at that school are essentially separate and unequal to other schools in the Shelby County system. The minor Plaintiffs enjoyed

better facilities and academic instruction at South Side Middle. And Plaintiffs have attached to their brief an analysis comparing standardized testing results for students at South Side Middle and Riverview Middle. As for the Riverview area, Plaintiffs restate their allegations that the school reassignment "singles out a particular group of children to be sent intentionally into harms way." (*Id.* at 4.) In light of all the circumstances, Plaintiffs question why children from Riverview Middle were not reassigned to South Side Middle or why the South Side students could not be reassigned to Idlewild or Bellevue schools. Plaintiffs argue that their Complaint plausibly alleges all of their claims.

Defendant has filed a reply, arguing that Plaintiffs have conceded their Title VI claim and any claim brought by the non-student Plaintiffs by failing to address them in their response brief. Defendant largely focuses its reply on the exhibits cited by Plaintiffs to support their claims about Riverview Middle and its surrounding neighborhood. The report about Riverview Middle's condition was in point of fact a recommendation for the consolidation of Riverview Middle and Carver High School. According to Defendant, the report did contain data about Riverview Middle's academic achievement and declining enrollment, but Defendant asserts that the data from the 2014 report is now dated. A separate report about the condition of Riverview Middle's campus was an assessment from 2013 documenting repairs needed at the school. The exhibit does not show that Riverview Middle is dilapidated. Defendant also disputes Plaintiffs' claims about the academic disparity between South Side Middle and Riverview Middle, arguing that both schools have similar standardized test scores. And as far as crime in the area near Riverview Middle, Defendant responds that there is no allegation about crime at Riverview Middle itself. Therefore, the Complaint is ripe for dismissal.

## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party.[1] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3] Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[5] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[6] "A claim has facial

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[6] *Twombly*, 550 U.S. at 555, 570.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

## ANALYSIS

### I. Equal Protection under the Fourteenth Amendment

The first issue presented is whether the Complaint states a plausible claim for violations of the Equal Protection Clause of the Fourteenth Amendment. The Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws."[8] The purpose of the Fourteenth Amendment is "to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents."[9] The Supreme Court's "equal protection jurisprudence has typically been concerned with governmental classifications that affect some groups of citizens differently than others."[10] "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis."[11] The Sixth Circuit has described disparate treatment as "[t]he threshold element of an equal protection

---

[7] *Iqbal,* 556 U.S. at 678.

[8] U.S. Const. amend. XIV, § 1.

[9] *Sadie v. City of Cleveland*, 718 F.3d 596, 601-02 (6th Cir. 2013) (quoting *Sioux City Bridge Co. v. Dakota Cnty.*, 260 U.S. 441, 445 (1923)).

[10] *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601 (2008).

[11] *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano,* 648 F.3d 365, 379 (6th Cir. 2011); *see also Deleon v. Kalamazoo Cnty. Rd. Comm'n*, 739 F.3d 914, 918 (6th Cir. 2014) ("To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class.").

claim."[12]

The Court holds that the Complaint fails to state any Equal Protection claim under the federal Constitution. Plaintiffs have failed to allege that the Shelby County Schools singled them out for disparate treatment on the basis of their race. In fact, the Complaint includes no allegations about race at all. The Complaint merely alleges that Defendant reassigned the minor Plaintiffs from South Side Middle to Riverview Middle and denied them equal educational opportunities as compared to other students in the Shelby County system. This allegation does not state a claim for disparate racial treatment under the United States Constitution. Plaintiffs' equal protection claims bear some resemblance to the claims brought by the plaintiffs in *Tennessee Small School Systems v. McWherter*, 851 S.W.2d 139 (Tenn. 1993). The *Small School* plaintiffs alleged that the Tennessee system for funding public schools violated their equal protection rights under the Constitution of the United States and the Tennessee Constitution. But as the Tennessee Supreme Court acknowledged, the *Small School* plaintiffs were "not entitled to relief under the equal protection provisions of the Fourteenth Amendment to the United States Constitution" because of the United States Supreme Court's decision in *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1 (1973).[13] Without some allegation to show that Defendant singled out students at South Side Middle for disparate treatment because of their race, the reassignment of students from one school campus to another campus, however undesirable, does not implicate the Equal Protection Clause of the Fourteenth Amendment of the

---

[12] *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 329 (6th Cir. 2013) (quoting *Satawa v. Macomb Cnty. Road Comm'n,* 689 F.3d 506, 528 (6th Cir. 2012)).

[13] *Tennessee Small Sch. Sys. v. McWherter*, 851 S.W.2d 139, 152 (Tenn. 1993).

Federal Constitution.[14]  Therefore, Defendant's Motion is **GRANTED** as to this claim.

## II. Title VI of the Civil Rights Act of 1964

The next issue presented is whether the Complaint states a plausible claim for violation of Title VI.  Title VI of the Civil Rights Act of 1964 provides that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[15]  The Sixth Circuit has held that a plaintiff alleging a Title VI claim must prove that a defendant has excluded the plaintiff from a federally financed program on the basis of the plaintiff's race and that race was the "determining factor in the exclusion."[16]  At the pleadings stage, this means the complaint cannot rest on conclusory allegations but must include "additional supporting details."[17]  For example, a single allegation that the plaintiff belongs to a suspect class will "not state a claim of racially motivated discrimination."[18]  The Complaint in the case at bar is silent about the race of the named Plaintiffs and wholly omits any "additional supporting details" to show that Defendant has subjected Plaintiffs to race discrimination.  Therefore, the Court holds that the Complaint fails to state a claim for violation of Title VI.  Defendant's Motion is **GRANTED** as to this claim.

---

[14] *But see id.* at 140 (construing the Tennessee Constitution's guarantee of equal protection "of the law to all citizens [to] require that the educational opportunities provided by the system of free public schools be substantially equal").

[15] 42 U.S.C. § 2000d.

[16] *Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1996).

[17] *Foster v. Michigan*, 573 F. App'x 377, 388-89 (6th Cir. 2014) (citations omitted).

[18] *Id.* (citations omitted).

**III. Claims under the Tennessee Constitution**

The only claim remaining is Plaintiff's allegation that Defendant's reassignment of students to Riverview Middle violates the Tennessee Constitution. The Court exercises subject-matter jurisdiction in this case over Plaintiffs' claims under federal law pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over any claim under state law, including the Tennessee Constitution, pursuant to 28 U.S.C. § 1367. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[19] Nevertheless, the Court retains the discretion to decline to exercise supplemental jurisdiction over a related claim if

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[20]

Generally, if a federal claim is dismissed before trial, the state claims should be dismissed as well.[21]

Here the Court has held that the Complaint fails to state a plausible claim for relief under the United States Constitution or Title VI. In light of the Court's dismissal of Plaintiffs' federal claims, the Court hereby declines to exercise supplemental jurisdiction over Plaintiff's claims

---

[19] 28. U.S.C. § 1367(a).

[20] § 1367(c).

[21] *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting

under the Tennessee Constitution. Therefore, those claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

## **CONCLUSION**

Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claims under Equal Protection Clause of the Fourteenth Amendment and Title VI of the Civil Rights Act of 1964. Those claims are dismissed with prejudice. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's claims under the Tennessee Constitution. Those claims are dismissed without prejudice.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 3, 2015.

---

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).